**R.A. ALAGADA, M.D., Petitioner and Appellee,**

v.

**Mark S. MARTY, Respondent and Appellant.**

**In the Interest of Mark S. MARTY.**

**Civ. No. 10635.**

Supreme Court of North Dakota.

March 5, 1984.

Daniel E. Buchanan, Sp. Asst. Atty. Gen., Jamestown, for petitioner and appellee.

William A. Mackenzie, of Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for respondent and appellant.

VANDE WALLE, Justice.

Mark S. Marty appealed from an order issued by the Stutsman County court on January 18, 1984, continuing his treatment at the Jamestown State Hospital. We affirm.

Mark was committed to the State Hospital pursuant to an order for hospitalization and treatment issued after hearing by the Cass County court on October 25, 1983. In accordance with Sections 25–03.1–22(2) and 25–03.1–23, N.D.C.C., a petition for an order authorizing continuing treatment was filed on January 6, 1984, by R.A. Alagada, M.D., superintendent of the State Hospital, and, after notice to Mark, a hearing was held on January 18, 1984, before the Stutsman County court. Following the hearing the Stutsman County court issued the continuing-treatment order requiring Mark to be treated at the State Hospital for an indefinite period. This appeal followed.

The only issue on appeal is whether or not the trial court erred in refusing to order alternative treatment, i.e., treatment outside a hospital, as requested by Mark. Section 25.03.1–21, N.D.C.C., provides, in part:[1]

"Before making its decision in an involuntary treatment hearing, the court shall review a report assessing the availability and appropriateness for the respondent of treatment programs other than hospitalization which has been prepared and submitted by the state hospital or treatment facility.

"If the court finds that a treatment program other than hospitalization is adequate to meet the respondent's treatment needs and is sufficient to prevent harm or injuries which the individual may inflict upon himself or others, the court shall order the respondent to receive whatever treatment other than hospitalization is appropriate for a period of ninety days."

Although there was evidence that one of the State Human Service centers would be able to administer the drugs Mark needs, and therefore it may be said that treatment in that limited sense is available other than in a hospital, the evidence at the hearing was clear and convincing that limited treatment is not sufficient. The evidence was clear and convincing that such limited treatment is not appropriate for Mark at this time and the evidence was also clear and convincing that a treatment program other than hospitalization would not, at this time, be adequate to meet Mark's treatment needs nor sufficient to prevent harm or injury to him.

For these reasons the continuing-treatment order is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.

---

1. No contention has been made that Section 25–03.1–21 is not applicable in this proceeding. We assume, for purposes of this appeal, that Section 25–03.1–21 is applicable to all hearings involving involuntary treatment, including a hearing held pursuant to Section 25–03.1–22(2), N.D.C.C., rather than solely to an initial hearing for involuntary treatment.